IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

No. CV-01-0866 JC/LFG
CR-99-514 JC

LEE GARCIA,

Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court to consider Defendant's response to the order of August 23, 2001, which required that Defendant demonstrate cause and prejudice in failing to raise his claims on direct appeal. In his response, Defendant asserts that his attorney did not understand the effect of Defendant's firearm possession on his sentence, and recent Supreme Court decisions have changed applicable law, greatly enlarging the Bureau of Prisons' discretion in denying credit against sentences.

Defendant's allegations are insufficient to overcome the procedural bar. " ' "[C]ause" under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him.' " *Williford v. Champion*, No. 01-7053, 2001 WL 1478631, at *2 (10th Cir. Nov. 23, 2001) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). Defendant concedes that his attorney argued against the gun enhancement at sentencing, but he now argues that "it is not likely that defense counsel either knew or argued that the enhancement would cause an extra year to be imposed to the sentence." The fact is that no "extra" time has been imposed on Defendant; his firearm possession simply denied him the possibility of credit against his sentence. This argument

does not amount to cause for failing to appeal.

Defendant also argues that he should be allowed to attack his sentence as a result of recent court decisions that have changed the effect of a firearm enhancement. This argument is likewise unavailing, because mere change of settled law does not constitute cause for failing to appeal a sentence. *United States v. Powell*, 159 F.3d 500, 502 (10th Cir. Oct. 20, 1998) (interpreting *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Defendant's § 2255 motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (CV Doc. #1; CR Doc. #248) filed July 30, 2001, is DISMISSED, and this civil proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE